No. 98,840

STATE OF KANSAS, *Appellant*, v. MERLE STEVE VAUGHN, *Appellee*.

(200 P.3d 446)

Opinion filed January 30, 2009.

*Jared S. Maag*, deputy solicitor general, argued the cause and was on the brief for appellant.

*Edward C. Gillette*, of Mission, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: The Wyandotte County District Court dismissed misdemeanor charges against Merle Steve Vaughn, finding that the defendant's speedy trial right under K.S.A. 22-3402(2) had been violated. The State appealed pursuant to K.S.A. 22-3602(b)(1), and the case was transferred to this court on its own motion. We reverse and remand for a hearing and factual determination on the State's claim that defendant acquiesced to a continuance, thereby tolling the speedy trial period.

*Facts*

In July 2006, Vaughn was charged with one count of conspiracy to commit official misconduct in violation of K.S.A. 2006 Supp. 21-

3302 and two counts of official misconduct in violation of K.S.A. 2006 Supp. 21-3902(a)(5), all misdemeanor charges. He was arraigned on these charges on August 15, 2006, and was released on bond. The defendant's case was set for trial on October 16, 2006.

On October 16, 2006, the defendant filed a motion to dismiss and a motion to suppress certain evidence. The defendant and the State agreed to continue the October 16 trial date and the hearing on the defendant's motions until December 5, 2006.

As a result of numerous recusals by Wyandotte County district judges, Senior Judge William F. Lyle, Jr., retired, was assigned to the defendant's case on November 1, 2006. Shortly before the December 5 hearing, Judge Lyle informed the parties that he would be unable to hear the case at the current time due to a potential conflict of interest with defense counsel. Judge Lyle rescheduled the case for February 7, 2007, to give the court time to resolve the conflict issue.

On February 2, 2007, the State received a letter from Vaughn's defense counsel informing the State that the February 7 hearing had been continued until March 29, 2007, due to the judge's illness. Due to continued health problems, Judge Lyle was again unable to hear Vaughn's case on March 29, 2007, and the matter was rescheduled for May 11, 2007.

On May 11, the court heard argument on Vaughn's previously filed motions, as well as defense counsel's oral motion to dismiss on the basis of the denial of a speedy trial. The State filed a written response to Vaughn's speedy trial motion, arguing that all of the continuances in this case had been either at the defendant's request or on the court's own motion—not at the request of the State.

On June 4, 2007, the district court issued a memorandum opinion dismissing the case for violation of the defendant's speedy trial rights. The court explained that its "primary concern" was whether "the delay [was] caused by the fault of the defendant." The court continued:

"The court, after much deliberation on the matter, must answer that question no! The defendant caused delay by the filing of his motions that ran from 10/16/06 to a setting on 12/5/06 for a total of 49 days. It is not sufficient, in my opinion, to say that defendant acquiesced in the following continuances of the case to stay

the tolling of the 180 day speedy trial requirement. The remaining delays were not due to the fault of the defendant and the case must be dismissed against him."

*Standard of Review*

This court exercises unlimited review over a district court's legal rulings regarding violations of a defendant's statutory right to a speedy trial. *State v. White*, 275 Kan. 580, 598, 67 P.3d 138 (2003). The primary issue in such appeals—the computation of days to be assessed against the so-called speedy trial clock—requires some level of statutory interpretation and thus is reviewed de novo. 275 Kan. at 600. Nevertheless, there are times, as in the case we now consider, where the assessment of time under our speedy trial statute turns on a factual determination by the district court.

The outcome of this case turns on whether Vaughn or his defense counsel acquiesced in the delays of bringing this case to trial, thus tolling the statutory speedy trial requirement. The question of whether the defendant acquiesced in the continuances here is a factual determination. See *State v. Adams*, 283 Kan. 365, 369-70, 153 P.3d 512 (2007). We review the factual determinations of the district court to determine whether the facts as found by the district court are supported by substantial competent evidence. *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 915-16, 157 P.3d 1109 (2007). We do not reweigh evidence or reassess credibility. *In re Estate of Hjersted*, 285 Kan. 559, 571, 175 P.3d 810 (2008). We then determine de novo whether those facts as a matter of law support the legal conclusion of the district court. *Owen Lumber Co.*, 283 Kan. at 915. When the record on review does not support a presumption that the district court found all the facts necessary to support the judgment, this court will remand the case for additional findings and conclusions. *In re Estate of Cline*, 258 Kan. 196, 206, 898 P.2d 643 (1995).

*K.S.A. 22-3402 and the Statutory Right to a Speedy Trial*

A total of 269 days passed between the date of the defendant's arraignment on August 15, 2006, and the hearing before the district court on May 11, 2007. Because the defendant was released on bond on the date of his arraignment, the State had 180 days to bring the defendant to trial to avoid a statutory speedy trial viola-

tion. K.S.A. 22-3402(2); *City of Derby v. Lackey*, 243 Kan. 744, 745, 763 P.2d 614 (1988) (the calculation of time for a speedy trial begins on the date of arraignment). K.S.A. 22-3402(2) provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant."

Only the State is authorized to bring a criminal prosecution to trial, so it is the State's obligation to ensure that a defendant is provided a speedy trial within the statutory limits. *State v. Prewett*, 246 Kan. 39, 42, 785 P.2d 956 (1990). A defendant is not required to take any affirmative action to see that his or her right to a speedy trial is observed. *State v. Williams*, 187 Kan. 629, 635, 360 P.2d 11 (1961).

Nevertheless, delays that result from the request of a defendant toll the statutory speedy trial period. See K.S.A. 22-3402(2); *State v. Warren*, 224 Kan. 454, 456, 580 P.2d 1336 (1978). A defendant waives his or her right to a speedy trial under the statute if he or she requests a continuance or files a motion that delays the trial beyond the statutory deadline. See *City of Dodge City v. Downing*, 257 Kan. 561, 563, 894 P.2d 206 (1995) (speedy trial clock tolled for time needed to decide defendant's motion to suppress evidence); *State v. Bean*, 236 Kan. 389, Syl. ¶ 2, 691 P.2d 30 (1984) (speedy trial clock tolled when defendant requests a continuance of the trial date). Actions of defense counsel are attributable to the defendant in computing speedy trial violations unless the defendant timely voices his or her disagreement with those actions. See *State v. Hines*, 269 Kan. 698, 703-04, 7 P.3d 1237 (2000); *State v. Brown*, 249 Kan. 698, Syl. ¶ 4, 823 P.2d 190 (1991).

This court has further explained that a defendant's waiver of the right to a speedy trial extends not only to a defendant's request for a continuance but also is effected by a defendant's "acquiescing in the grant of a continuance." *State v. Brown*, 283 Kan. 658, 662, 157 P.3d 624 (2007); see also *State v. Southard*, 261 Kan. 744, 748, 933 P.2d 730 (1997) ("A defendant, by his or her conduct, may waive the statutory right to a speedy trial. Such conduct includes

requesting or even acquiescing in the grant of a continuance.""). While the term "acquiescence" does not appear in Kansas' speedy trial statute, our previous decisions have indicated that when a defendant acquiesces to a continuance, that defendant waives his or her statutory rights under K.S.A. 22-3402. See *State v. Adams*, 283 Kan. 365, 369, 153 P.3d 512 (2007).

Black's Law Dictionary 25 (8th ed. 2004), defines "acquiescence" as "[a] person's tacit or passive acceptance; implied consent to an act." In Kansas, however, we have never held that passive acceptance of a continuance waives a defendant's speedy trial rights. See *Adams*, 283 Kan. at 370. Such a notion is inconsistent with our decisions holding that a defendant is not required to take any affirmative action to see that his or her right to a speedy trial is observed. See *Williams*, 187 Kan. at 635. As the Kansas Court of Appeals explained in *State v. Arrocha*, 30 Kan. App. 2d 120, 127, 39 P.3d 101, *rev. denied* 273 Kan. 1037 (2002): "If the defense stands silent, neither advocating nor acquiescing in delay, . . . the State must beware. In such circumstances, prosecutors and the district courts are well advised to put consideration of the applicable time limit in the speedy trial statute on the record."

For acquiescence to result in a waiver of speedy trial rights, the State must demonstrate more than mere passive acceptance and must produce some evidence of agreement to the delay by the defendant or defense counsel. The record must support a conclusion that the defendant expressly or impliedly agreed to the delay. The question of whether Vaughn acquiesced in the delays that prevented this case from being brought to trial within 180 days is the dispositive issue in the case before us.

*Application and Analysis*

The district court concluded in its journal entry dismissing the charges against Vaughn that it was "not sufficient, in [the court's] opinion, to say that defendant acquiesced in the . . . continuances of the case to stay the tolling of the 180-day speedy trial requirement." In reaching this conclusion, the district court clearly erred, as Kansas law recognizes that acquiescence by the defendant in a continuance tolls the statutory speedy trial period in K.S.A.

22-3402. Nevertheless, the rationale provided for a district court's decision is immaterial if it reached the correct result. See *State v. Murray*, 285 Kan. 503, 533, 174 P.3d 407 (2008). We must therefore determine whether the record supports the district court's conclusion that Vaughn's statutory speedy trial rights were violated during the pendency of this case.

A total of 269 days passed from the date of Vaughn's arraignment on August 15, 2006, until Vaughn moved to dismiss the charges against him on the basis of a speedy trial violation on May 11, 2007. The State was required to bring the defendant to trial in 180 days from the date of arraignment unless the delay resulted from "the application or fault of the defendant." K.S.A. 22-3402(2). The following events took place during the 269-day period:

- August 15, 2006. Vaughn's Arraignment. Trial is set for October 16, 2006.

- October 16, 2006. Vaughn files motion to suppress and motion to dismiss. Trial is continued and hearing on motions is set for December 5, 2006.

- December 5, 2006. Judge Lyle determines that there may be a conflict of interest between himself and defense counsel. Hearing is continued until February 7, 2007, to resolve the potential conflict.

- February 2, 2007. Letter from defense counsel to State saying February 7 hearing has been continued to March 29, 2007, due to Judge Lyle's health problems.

- March 29, 2007. Hearing is again continued to May 11, 2007, due to Judge Lyle's health problems.

- May 11, 2007. Hearing on Vaughn's motion to suppress and motion to dismiss. Oral motion to dismiss based on a statutory speedy trial violation.

The only time that the district court tolled against Vaughn during this 269-day period was the 50 days between October 16, 2006 (the date the defendant filed his motions) and December 5, 2006 (the date the court continued the case in order to settle a potential

conflict of interest between the court and defense counsel). The district court concluded that although the other delays resulting from the court's potential conflict with Vaughn's defense and from Judge Lyle's health problems were not the fault of the State, they were also not the fault of the defendant and thus did not toll the speedy trial period.

There is no dispute that the 62-day period between his arraignment, August 15, 2006, and the original trial date, October 16, 2006, was properly assessed against the State. Similarly, there is no disagreement that the time from October 16, 2006, to December 5, 2006—a period of 50 days—was properly assessed against the defendant since that delay was necessary to resolve his motions. We must determine whether the defendant caused or acquiesced in any of the three remaining periods that resulted in the 269-day delay—the 59 days from December 5, 2006, to February 2, 2007; the 55 days from February 2, 2007, to March 29, 2007; and the 43 days from March 29, 2007, to May 11, 2007 (the ultimate date of the hearing).

The State first argues that because Vaughn's motion to dismiss and motion to suppress caused the initial delay on October 16, 2006, and because those motions were not actually heard until May 11, 2007, that entire 207-day period should be assessed against the defendant. We have previously held that when a defendant files a motion near the end of the statutory speedy trial period, "a reasonable time . . . might well be charged to a defendant [to resolve the motion] under appropriate circumstances." *State v. Roman*, 240 Kan. 611, 613, 731 P.2d 1281 (1987); see *Prewett*, 246 Kan. at 43 (referencing *Roman*). We will not extend this ruling, however, to find that the 207-day period between October 16 and May 11 was a reasonable time for the court to hear and decide the defendant's motions. We have consistently held that "judicial procrastination [is] not the defendant's fault and should not be charged to him [or her]." *Prewett*, 246 Kan. at 43. A 207-day delay in resolving a motion is presumptively unreasonable unless that delay was due to intermediate delays caused by the defendant.

Furthermore, the State's argument that the entire 207-day period should be tolled is undermined by the record. When Vaughn

filed his motions on October 16, 2006, the court set the matter for hearing on December 5, 2006. There is no dispute that the time between these dates—50 days—is properly assessed against the defendant. Judge Lyle's decision in December to continue the case to resolve a potential conflict with defense counsel and the subsequent continuances that resulted from the judge's health problems were unrelated to the defendant's motions. Thus, the time delays after December 5, 2006, are not attributable to the defendant's motions.

The State's argument that the 59 days from December 5, 2006, to February 2, 2007—when the court continued the case to resolve a possible conflict between the court and defense counsel—should be assessed against Vaughn is similarly without merit. The record before us contains no indication that either the defendant or his defense counsel participated in this continuance by the court. The fact that the continuance was initiated because the court was concerned about a conflict with defense counsel does not render the 59-day delay the fault of the defendant. It was the court, not the defendant, that deemed it necessary to continue the case for 59 days. The defendant was silent and had no obligation to either object to or participate in the granting of the continuance. See *Williams*, 187 Kan. at 635. This time is properly assessed against the State.

The record likewise contains no indication that the defendant either initiated the 43-day delay from March 29, 2007, to May 11, 2007, or acquiesced in that delay. In fact, there is nothing in the record to indicate how this continuance took place. As the appellant, the State has the burden to preserve and designate a record that supports its argument that the defendant acquiesced in this delay. See *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008). In the absence of such a record, we find that the district court properly assessed this time against the State.

Only the 55-day continuance from February 2, 2007, to March 29, 2007—which is documented in a letter from Vaughn's defense counsel to the State and resulted from Judge Lyle's ill health—remains in dispute. If we find that these 55 days should be assessed against Vaughn and this time is added to the 50 days already as-

sessed against the defendant due to his motions to suppress and to dismiss, a period of 16 days remains for the defendant to be tried on the misdemeanor charges. If, however, the 55 days are attributed to the State, more than 180 days have lapsed and the district court properly dismissed the charges.

The letter sent by Vaughn's defense counsel on February 2, 2007, contained the following description of the circumstances surrounding the 55-day delay:

"This letter will confirm my conversation with all of you on January 29, 2007 regarding the Vaughn and Lane matters, which had been scheduled for February 7, 2007. I know we all tried to reach Judge Lyle earlier in the day and were unable to do so, but later on that afternoon I was successful in reaching Judge Lyle and at that time we spoke with Judge Sieve's chambers in Division 1 at the Wyandotte County Courthouse.

"We have tentatively scheduled the Vaughn and Lane matters for hearing, including my Motion to Suppress and/or Dismiss and Mr. Lane's Preliminary Hearing, for *March 29, 2007 at 9:00 a.m.*

"Judge Lyle asked that I write to everyone to confirm the date and time, which I am doing via this letter. Should any of you have any questions, feel free to address Judge Lyle directly or if you have any questions for me, feel free to contact me directly."

This letter by Vaughn's defense counsel is the only documentation in the record regarding the events that led to this continuance. The State argues that the letter indicates an agreement between the district court and defendant that Vaughn's case would be continued to March 29, 2007, at 9 a.m., suggested by defense counsel's setting of the hearing date as well as his indication that Judge Lyle asked defense counsel to *confirm* the date with all parties. Thus, the State argues that the letter amounts to acquiescence in the 55-day delay.

In oral argument before this court, Vaughn's defense counsel argued that in drafting this letter, he was nothing more than a scrivener of information provided by Judge Lyle. He related the circumstances surrounding his conversation with Judge Lyle and explained that it was the court, not counsel, that ordered the continuance. According to Vaughn's argument, his defense counsel was merely following the order of the district court, and the letter should not be read to indicate his acquiescence to the delay. We

note, however, that none of these circumstances appear in the record. We must confine our review of the facts to the record before us, and the only information contained in that record regarding the February 2 continuance is the letter by Vaughn's defense counsel that is set forth above.

Support for both parties' arguments as to the question of acquiescence can be found in the February 2 letter. On the one hand, some of the language in the letter suggests that defense counsel (and, by extension, the defendant) was in agreement with the continuance, rather than merely reflecting the judge's order of continuance. On the other hand, it is clear that the matter is being continued by the judge based upon his ill health, and it was the defense counsel who conferred with the judge in an attempt to set the matter for hearing.

The district court did not make any findings of fact regarding the letter or its effect on Vaughn's speedy trial rights. Moreover, although the district court made no finding in its journal entry as to whether Vaughn acquiesced in the 55-day continuance from February 2, 2007, to March 29, 2007, the district court erroneously stated that a finding of acquiescence would make no difference in its decision. When the record on review does not support a presumption that the district court found all the facts necessary to support its judgment, this court will remand the case for additional findings and conclusions. See In re Estate of Cline, 258 Kan. at 206. For these reasons, we find that it is necessary to reverse the decision of the district court and remand this case for a factual determination on the question of acquiescence by Vaughn during this 55-day period.

In summary, we are not in a position to render a factual decision regarding acquiescence in the continuance from February 2, 2007, to March 29, 2007. We conclude that defense counsel's February 2 letter is ambiguous on the question of acquiescence in its language and can be used to support both parties' positions. Because the answer to the question will ultimately resolve this case and because it turns on a factual determination, we reverse the district court's dismissal of the charges and remand this case to the district

court for a hearing on the question of whether Vaughn acquiesced in the 55-day continuance in dispute.

### Effect of Judge's Illness

The State also advances a policy argument for why this court should find that Vaughn's speedy trial rights were not violated in this case, arguing that Judge Lyle's illness tolled the statutory speedy trial period. On the whole, the State cites cases from 15 jurisdictions—10 of which held that the speedy trial clock to be tolled by a judge's health problems, 4 jurisdictions that did not, and 1 jurisdiction (Illinois) that apparently takes a different approach for statutory and constitutional speedy trial analysis—to support its argument that a national "trend" is emerging that tolls speedy trial rights in cases where judges become ill or are otherwise unavailable. This argument ignores the plain language of our speedy trial statute.

The determination as to whether a defendant's statutory speedy trial right under K.S.A. 22-3402(2) is tolled by a judge's illness (or other court delay) is a question of statutory interpretation. *State v. White*, 275 Kan. 580, 598-600, 67 P.3d 138 (2003). The key question in cases of statutory interpretation is the intent of the legislature. See *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). This question cannot be resolved by looking to what courts of other jurisdictions have done with regard to their respective states' statutes, but instead turns on the specific statutory language of K.S.A. 22-3402(2). See *State v. Stallings*, 284 Kan. 741, 742-43, 163 P.3d 1232 (2007).

K.S.A. 22-3402(2) states:

> "If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, *such person shall be entitled to be discharged from further liability* to be tried for the crime charged, *unless the delay shall happen as a result of the application or fault of the defendant.*" (Emphasis added.)

Under the plain language of this statute, the only actions that may stay the statutory speedy trial calculations are actions that are attributable to the defendant. A judge's illness does not fall into such a category, so it cannot alone toll the statutory speedy trial

period. Nevertheless, if a defendant *acquiesces* in continuances that result from a judge's illness, that acquiescence will toll the speedy trial clock. This is the central question we face in this case— whether Vaughn or his defense counsel acquiesced in the delays occasioned by Judge Lyle's illness.

*Conclusion*

The district court found that Vaughn's speedy trial rights had been violated because, under the court's calculations, over 180 days passed between Vaughn's arraignment on August 15, 2006, and the hearing on his motion to suppress and motion to dismiss on May 11, 2007. The district court's dismissal was based, at least in part, on the incorrect legal conclusion that the defendant's acquiescence to the continuances in this case had no bearing on his speedy trial rights under K.S.A. 22-3402(2). Contrary to the district court's conclusion, the determination of acquiescence by the defendant is critical to the resolution of this case. Because the question of acquiescence was not resolved by the district court and because this question cannot be resolved based on the record but will ultimately resolve this case, we reverse the district court's dismissal of the charges against Vaughn and remand for a hearing on the question of whether the defendant acquiesced in the 55-day continuance from February 2, 2007, to March 29, 2007.

Reversed and remanded with directions for further proceedings.