NOT DESIGNATED FOR PUBLICATION

No. 112,298

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRETODD E. WILLIAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 17, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*: Bretodd E. Williams appeals his conviction of one count of battery of a law enforcement officer. Williams claims the district court erred (1) when it denied his motion to dismiss based upon an alleged speedy trial violation and (2) when it denied his motion for judgment of acquittal based on insufficiency of the evidence. Finding no error, we affirm the district court's judgment.

1

On May 18, 2013, at 3:34 p.m., Wichita police officer Tommy Fulcher was dispatched to the Relax Inn in Wichita to search for Williams, who was a suspect in a domestic violence incident. Fulcher, who was in uniform, found Williams walking on the street one block away from the Relax Inn and offered to give him a ride to the motel so they could talk about the domestic violence incident. Williams agreed, and Fulcher patted him down, placed him in his patrol car, and drove him to the Relax Inn. When they arrived at the motel, Fulcher decided to wait for a second officer to arrive at the scene.

About 5 to 7 minutes later, Officer Ryan Doshier, who was in uniform, arrived at the motel. After Doshier arrived, Fulcher told Williams he was under arrest for the domestic violence incident and had him exit the patrol car and place his hands on the trunk. Doshier attempted to pull Williams' arm behind his back to be handcuffed and Williams began to tense up. Williams told Doshier he was grabbing an abscess under his arm and that he was hurting him. Doshier told Williams a couple of times that he would let go of his arm if he placed his hands behind his back.

Fulcher unsnapped the handcuffs from his vest, and when he did, Williams spun off the trunk and faced Doshier. Doshier lost his grip on Williams, and Williams started swinging at him. Fulcher still had ahold of Williams' left arm, and Doshier was trying to get his right arm, but Williams was attempting to elbow Doshier in the head. Williams attempted to break away, and Doshier lunged after him, swiping at his legs and causing him to stumble. Fulcher, Doshier, and Williams fell to the ground.

While they were on the ground, Williams tried to elbow Fulcher in the face and punch Doshier, however, he never actually punched Doshier. Williams also kicked Doshier in the forehead a couple of times. Fulcher then wrapped his legs around Williams' waist and his arms around Williams' upper chest to attempt to hold on to him and to deflect his elbows. While they were on the ground, Williams said, "I am not trying to hurt you guys, I'm not trying to kill you, I just want to get free." Fulcher and Doshier

2

continued to tell Williams to stop resisting and that he was under arrest. The three men continued to wrestle, and eventually Doshier was able to radio for help.

Officer Frank Silva was the first to arrive to provide assistance. When Silva arrived, Fulcher was holding Williams' left arm and Doshier was laying toward Williams' feet holding them down. Silva noticed that Doshier was bruised and his uniform was in bad condition. Silva also saw that Fulcher's glasses were on the ground and broken. Silva tased Williams, which got him under control so that he could be handcuffed.

On May 22, 2013, the State charged Williams with two counts of battery of a law enforcement officer. The district court held a first appearance on that same day, and the record reflects that Williams was in custody at the hearing. The district court set an appearance bond in the amount of $100,000. There is no record of Williams ever posting bond. However, the record is clear that Williams also was being detained throughout the proceedings on a Kansas Department of Corrections (KDOC) hold in an unrelated case.

On July 1, 2013, the district court held a preliminary hearing and bound Williams over and arraigned him on both counts. Williams pled not guilty to both counts and a jury trial was scheduled for August 26, 2013. The record reflects that the trial was continued at Williams' request on August 26, 2013; September 16, 2013; October 15, 2013; November 18, 2013; December 2, 2013; and January 6, 2014. The State did not request any continuances. No record was taken of any of the requests for a continuance.

On January 14, 2014, Williams filed a pro se motion to dismiss based upon an alleged violation of his speedy trial rights. In the motion, Williams acknowledged that in addition to the charges in this case, he also was being held in custody on unrelated charges. Williams also acknowledged in his motion that his attorney requested all of the trial continuances. However, Williams argued that these continuances could not be

3

counted against him for speedy trial purposes because he was not present when the continuances were granted and did not agree to them.

The district court held a jury trial on January 22 and 23, 2014. Before trial, the district court addressed Williams' pro se motion to dismiss. At the hearing, Williams again acknowledged that, in addition to the charges in this case, he also was being detained on a KDOC parole hold in an unrelated case. The district court denied Williams' motion to dismiss, specifically noting that there was no statutory speedy trial violation because Williams was not being held in jail solely on the charges before the court.

Officers Fulcher, Doshier, and Silva testified at trial as to the events described above. Williams testified in his own defense. Williams testified that Doshier inflicted considerable pain when he grabbed an abscess under his arm while attempting to handcuff him. Williams testified that he never intended to hurt the officers and that he repeatedly told them that he would stop resisting the arrest if they let go of his arm.

After hearing the evidence, the jury convicted Williams of the first count of battery of a law enforcement officer involving Doshier, but the jury was unable to reach a verdict on the second count of battery of a law enforcement officer involving Fulcher. After the trial, Williams filed a motion for judgment of acquittal, arguing that the evidence was insufficient to support the conviction. The district court held a sentencing hearing on April 9, 2014, and denied Williams' motion for judgment of acquittal. The district court sentenced Williams to 31 months' imprisonment with 12 months' postrelease supervision. Williams timely appealed the district court's judgment.

SPEEDY TRIAL CLAIM

Williams first claims the district court erred when it denied his motion to dismiss based upon an alleged speedy trial violation. Specifically, Williams argues that he should

4

have been brought to trial within 180 days of his arraignment, even though he admits that he also was held in custody by the KDOC on unrelated charges. Williams also argues that the defense trial continuances should not be counted against him for speedy trial purposes because he was not present when the continuances were granted and did not have the opportunity to agree or object to his attorney's requests for a continuance.

The State responds that Williams' statutory speedy trial rights were not violated because, as Williams acknowledges, he also was being detained on the KDOC parole hold. Further, the State contends that Williams has abandoned any argument that his constitutional right to a speedy trial was violated because he failed to offer any argument on this issue in his brief. Thus, the State argues that the district court did not err when it denied Williams' motion to dismiss based upon the alleged speedy trial violation.

Whether a defendant's statutory right to a speedy trial was violated is a question of law subject to de novo review. *State v. Brownlee*, 302 Kan. 491, 506, 354 P.3d 525 (2015). Moreover, interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

Initially, we note that Williams' brief mentions that he is entitled to a speedy trial "as a matter of fundamental constitutional rights" and provides the four factors used to determine whether a defendant's constitutional speedy trial rights have been violated. See *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). But Williams' brief provides no analysis of this issue or any argument as to why his constitutional speedy trial rights were violated. A point raised incidentally in a brief and not argued therein is deemed abandoned. *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013).

As to his statutory right to a speedy trial, Williams argues that he "should have been brought to trial within 180 days of arraignment unless the continuance[s] were requested by the defendant. K.S.A. 22-3402." Williams' brief does not specify which

subsection of K.S.A. 22-3402 he claims was violated in his case. K.S.A. 2012 Supp. 22-3402(a) provides:

> "If any person charged with a crime *and held in jail solely by reason thereof* shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant or a continuance shall be ordered by the court under subsection (e)." (Emphasis added.)

Williams is not entitled to any relief under K.S.A. 2012 Supp. 22-3402(a) because this subsection only applies to a person being held in jail solely on the charge for which the person is awaiting trial. Here, the district court found that in addition to the charges of battery of a law enforcement officer, Williams also was being detained on a KDOC hold during the pendency of the case, and Williams does not challenge this finding on appeal. In fact, Williams acknowledged in district court that he also was being detained on the KDOC hold in addition to the charges for which he was awaiting trial.

It appears that Williams is arguing that his rights under K.S.A. 2012 Supp. 22-3402(b) were violated because he was not brought to trial within 180 days of arraignment. K.S.A. 2012 Supp. 22-3402(b) provides:

> "If any person charged with a crime *and held to answer on an appearance bond* shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e)." (Emphasis added.)

K.S.A. 2012 Supp. 22-3402(b) only applies to a person charged with a crime and held to answer on an appearance bond. Here, the district court set a $100,000 appearance bond at Williams' first appearance, but there is no record of Williams ever executing an

6

appearance bond. Instead, the record reflects that Williams was held in custody from the date of his arrest, May 18, 2013, to the date of sentencing, April 9, 2014. Because Williams was being held in custody and not on an appearance bond, he is not entitled to speedy trial relief under K.S.A. 2012 Supp. 22-3402(b).

Although we could end our analysis here, our independent review of the record establishes that the only time properly charged to the State regarding Williams' statutory speedy trial rights was from the arraignment on July 1, 2013, to the first trial setting on August 26, 2013, a total of 56 days. Thereafter, the record reflects that all continuances were at the request of defense counsel. As Williams acknowledges, actions of defense counsel are attributable to the defendant in computing speedy trial violations unless the defendant timely voices his or her disagreement with those actions. *State v. Vaughn*, 288 Kan. 140, Syl. ¶ 3, 200 P.3d 446 (2009). However, a criminal defendant must be afforded an opportunity to object to a trial continuance when such a continuance impacts his or her speedy trial rights. See *State v. Brownlee*, 302 Kan. 491, 508, 354 P.3d 525 (2015).

Here, Williams argues on appeal that the defense continuances should not be counted against him because he was not present when the continuances were granted and he did not acquiesce to them. However, the record on appeal only reflects that the trial was continued by the defendant and no record was taken of any of the continuance requests. Williams may have been present when the continuances were granted, but the record does not reflect one way or the other. Williams has failed to designate a record to support his claim that he was not present when the continuances were granted by the district court. He also has failed to provide any reason for why he may have been unable to obtain a sufficient record of the continuances. The party claiming that error occurred has the burden of designating a record that affirmatively shows prejudicial error. *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013). Thus, Williams fails to establish that his speedy trial rights were violated.

Finally, even if this court presumes that Williams did not acquiesce or agree to these continuances, he still would not be entitled to any relief on appeal. K.S.A. 2012 Supp. 22-3402(g) provides in part:

"If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay shall not be considered against the state under subsection (a), (b) or (c) and shall not be used as a ground for dismissing a case or for reversing a conviction unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay."

Under K.S.A. 2012 Supp. 22-3402(g), the legislature, which created the statutory right to a speedy trial, has decided to eliminate the remedy for its violation in certain circumstances. See *Brownlee*, 302 Kan. at 511. The plain language of K.S.A. 2012 Supp. 22-3402(g) prohibits this court from counting the continuances in this case against the State even if we found that Williams was not present and did not agree or acquiesce to the continuances. 302 Kan. at 510. Williams does not properly assert any constitutional right to a speedy trial and he makes no claim that prosecutorial misconduct caused his trial delay. Thus, even if the continuances should have been counted against the State, Williams is not entitled to statutory speedy trial relief under K.S.A. 2012 Supp. 22-3402.

SUFFICIENCY OF THE EVIDENCE

Next, Williams claims the district court erred when it denied his motion for judgment of acquittal. Specifically, Williams argues that there was insufficient evidence to support the jury's finding that he was guilty of battery of a law enforcement officer. The State responds that the evidence was sufficient and Williams is simply asking this court to reweigh the evidence in his favor.

8

When the sufficiency of evidence is challenged in a criminal case, the appellate court reviews all the evidence in the light most favorable to the prosecution. The conviction will be upheld if the court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014). In determining whether there is sufficient evidence to support a conviction, the appellate court generally will not reweigh the evidence or reassess the credibility of witnesses. 299 Kan. at 525.

Williams was convicted of one count of battery of a law enforcement officer, specifically the count involving Doshier. The State was required to prove that Williams knowingly caused bodily harm to Doshier, who was a uniformed or properly identified city law enforcement officer engaged in the performance of his duty. See K.S.A. 2012 Supp. 21-5413(a)(1), (c)(2)(B). Here, there was abundant evidence in the record to support this conviction. The testimony of Doshier and Fulcher supported a conclusion that Williams knowingly injured or caused bodily harm to Doshier, who was in uniform and engaged in the performance of his duty. Williams' own testimony corroborated most of the testimony provided by the law enforcement officers. Williams is requesting this court to reweigh the evidence and reassess the credibility of the respective witnesses, which this court cannot do. *Williams* 299 Kan. at 525. Thus, the district court did not err when it denied Williams' motion for judgment of acquittal.

Affirmed.