NOT DESIGNATED FOR PUBLICATION

No. 115,271

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BENTON G. BASKIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed April 14, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, and *Benton G. Baskin*, pro se, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Benton G. Baskin appeals his jury convictions for kidnapping, rape, aggravated sodomy, and aggravated sexual battery. On appeal, Baskin claims the district court erred when it instructed the jury on the kidnapping charge; improperly allowed the State to amend the kidnapping complaint after the close of the State's evidence; improperly used his criminal history to enhance his sentence; and failed to grant dismissal of the charges for violating his right to a speedy trial. Upon review of Baskin's complaints, we find no error by the district court, and we affirm.

1

At trial, his victim, B.L.F., testified Baskin approached her multiple times on June 13, 2014, as she was walking in a park in Wichita. The third time Baskin approached B.L.F., he grabbed her and led her behind a tree at knifepoint. Baskin forced B.L.F. onto the ground, performed oral sex on her, grabbed her breasts, and raped her.

Baskin testified B.L.F. approached him to initiate the consensual sexual acts. He denies the use force. He alleged B.L.F. became upset afterwards and took off running; he became afraid and left the park.

After the State rested, it moved to amend the kidnapping charge to taking or confining B.L.F. to facilitate rape, as opposed to the original charge of taking or confining B.L.F. to terrorize or inflict bodily injury. The district court allowed the State to do so over Baskin's objection. In its instructions, the district court informed the jury the State was required to prove Baskin took or confined B.L.F. by force or threat with the intent to hold B.L.F. to facilitate the commission of *any crime*.

Baskin was sentenced and timely appealed. Additional facts are set forth as necessary herein.

ANALYSIS

*The kidnapping instruction did not constitute clear error.*

When addressing challenges to jury instructions, the appellate court should first consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review. *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 781 (2016). If a party fails to object to an instruction at trial, the appellate court

reviews the instruction for clear error. *State v. Littlejohn*, 298 Kan. 632, 644, 316 P.3d 136 (2014). To determine whether an instruction rises to the level of clear error, "[r]eversibility is subject to unlimited review and is based on the entire record. It is the defendant's burden to establish clear error under K.S.A. [2016 Supp.] 22-3414(3). [Citation omitted.]" *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

The clear error analysis must review the impact of the erroneous instruction in light of the entire record including the other instructions, counsel's arguments, and whether the evidence is overwhelming. *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2013). "To establish clear error, 'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016).

Baskin contends the jury was improperly instructed on the kidnapping charge because the instruction was broader than the offense charged in the complaint; however, he acknowledges he did not object to the instruction at trial. Because he did not object at trial, this court reviews for clear error. *Littlejohn*, 298 Kan. at 644. Therefore, he must firmly convince this court that giving a different instruction—to facilitate rape—would have made a difference in the verdict. *Cooper*, 303 Kan. at 771. The State concedes the jury instruction was broader than the offense charged but argues the instruction does not rise to the level of clear error and Baskin was not prejudiced as a result. We are persuaded by the State's argument.

"A jury instruction on the elements of a crime that is broader than the complaint charging the crime is erroneous. That error is excusable only where the substantial rights of the defendant are not prejudiced." *State v. Trautloff*, 289 Kan. 793, 802, 217 P.3d 15 (2009). Under Kansas precedent, a defendant's substantial rights are not prejudiced where the defendant is not "misled by the original narrow charge into a failure to challenge the

3

State's case or into commitment to a losing defense strategy." *State v. Charles*, 304 Kan. 158, 171, 372 P.3d 1109 (2016).

Here, Baskin was not misled by the original narrow language of the charge. The State did not make any argument that he could be convicted of kidnapping by taking or confining B.L.F. to facilitate the commission of *a crime*; rather, the State specifically argued he took or confined her to commit rape. Based on his counsel's arguments, it is clear Baskin understood the basis of the State's evidence and arguments at trial. In opening arguments, counsel argued Baskin and B.L.F. had consensual sex in the park. In closing arguments, counsel argued B.L.F.'s version of the events and the physical evidence were inconsistent with someone being kidnapped and raped, then argued the evidence was consistent with a consensual encounter. Counsel asserted B.L.F. regretted the encounter and made up the rape allegation. In other words, Baskin's theory of defense was he did not take or confine B.L.F. because she came along willingly and he did not do anything to facilitate rape because they had consensual sex.

Baskin clearly and specifically challenged the State's case and did not otherwise commit to an inappropriate defense strategy. Further, the jury convicted Baskin of a separate count of rape, and he does not challenge the sufficiency of the evidence for that conviction. Baskin has failed to firmly convince this court the jury would have reached a different verdict had a more narrow jury instruction been given.

*There was no prejudice from amending the complaint.*

Baskin complains the district court improperly allowed the State to amend the kidnapping complaint. K.S.A. 22-3201(e) provides: "The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." We review a trial court's decision to permit an amendment to a complaint for an abuse of

discretion. The defendant bears the burden of establishing an abuse of discretion. See *State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). An abuse of discretion occurs when a judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Baskin argues the district court erred by allowing the State to amend the kidnapping charge after it rested. The State replies Baskin's claim fails because the amendment did not charge a different crime and did not prejudice his substantial rights. We agree with the State.

The State's initial complaint charged Baskin with kidnapping by "tak[ing] or confin[ing] a person, to-wit: BLF, accomplished by force, threat or deception, with the intent to hold BLF to inflict bodily injury or to terrorize said BLF or another." After the close of evidence, the State amended the kidnapping charge to "tak[ing] or confin[ing] a person, to-wit: BLF, accomplished by force, threat or deception, with the intent to hold BLF to facilitate the commission of a crime, to-wit: Rape." As Baskin acknowledges, the amendment did not charge an additional or different crime; rather, it alleged a different manner in which the crime was committed. Since the amendment changed only how the crime was alleged to have been committed, our only remaining question is whether Baskin's substantial rights were prejudiced.

Baskin alleges he was prejudiced because he "had no opportunity to amend his strategy or adapt to the amended complaint." However, he fails to explain how his defense strategy would have changed if the State had amended the complaint at an earlier time. At best, he incidentally raises the point but fails to argue it. A point raised incidentally in a brief but not argued therein is deemed waived and abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015).

5

In any event, Baskin's substantial rights were not prejudiced because the amendment was consistent with the State's arguments and the evidence presented at trial. Baskin was not misled into defending himself on a different theory of liability since the amendment was consistent with the State's theory of the case. As previously noted, it was clear from Baskin's arguments he understood the State was claiming he took or confined B.L.F. to facilitate the crime of rape. If anything, the amended complaint only clarified the arguments the parties had already made. We find no error or abuse of discretion by the district court.

*Use of Baskin's criminal history is proper.*

Baskin argues the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution when it used his prior convictions to enhance his sentence without proving those convictions to a jury beyond a reasonable doubt, contrary to the United States Supreme Court's guidance in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Baskin recognizes the Kansas Supreme Court rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but includes the issue to preserve it for federal review. Because there is no indication the Kansas Supreme Court is departing from this position, this court is duty bound to follow established precedent. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). The district court properly used Baskin's criminal history to establish his sentence.

*There is no speedy trial violation.*

Baskin filed a pro se supplemental brief in which he argues his statutory speedy trial rights were violated.

6

> "This court exercises unlimited review over a district court's legal rulings regarding violations of a defendant's statutory right to a speedy trial. *State v. White*, 275 Kan. 580, 598, 67 P.3d 138 (2003). The primary issue in such appeals—the computation of days to be assessed against the so-called speedy trial clock—requires some level of statutory interpretation and thus is reviewed de novo. 275 Kan. at 600. Nevertheless, there are times, as in the case we now consider, where the assessment of time under our speedy trial statute turns on a factual determination by the district court." *State v. Vaughn*, 288 Kan. 140, 143, 200 P.3d 446 (2009).

The record reflects multiple continuances after Baskin waived formal arraignment following his preliminary hearing on October 2, 2014, and his trial was set for November 3, 2014. On October 30, 2014, Baskin filed a pro se motion putting the district court on notice he was asserting his statutory right to a speedy trial. Baskin's trial was continued from November 3, 2014, to December 15, 2014, at the request of defense counsel. Defense counsel again continued the December 15, 2014, hearing to January 26, 2015. On January 26, 2015, a hearing was held at which Baskin was present. Defense counsel requested trial be continued to August 17, 2015, citing a need to prepare further. Defense counsel told the district court he had consulted with Baskin regarding the continuance. Baskin did not dispute counsel's statement. The State requested trial occur sooner. After hearing from the parties, the district court continued the trial to March 23, 2015.

In February 2015, Baskin filed a pro se motion to dismiss his attorney. Baskin's motion was granted, and new counsel was appointed. Baskin's new counsel continued the case after consulting with Baskin. On March 27, 2015, Baskin filed a pro se motion to dismiss for violation of his statutory speedy trial rights. Baskin's motion was adopted by trial counsel. On April 24, 2015, the district court held a full evidentiary hearing on Baskin's speedy trial claim where it heard testimony from Baskin and his first attorney. At the hearing, Baskin's first attorney testified the continuances he requested were necessitated by his trial schedule and the need to investigate and prepare for trial.

Counsel further testified he consulted with Baskin before each continuance request and Baskin understood doing so was in his best interests.

Baskin admitted counsel consulted with him prior to the December 15, 2014, continuance but denied being consulted prior to the January 26, 2015, continuance. Baskin acknowledged he was present in court and did not object to the January 26, 2015, continuance but said he did not object because he was "in shock" over counsel's request. Baskin admitted his new counsel consulted with him prior to continuing the case.

The district court expressly found counsel's testimony was more credible than Baskin's. The district court found counsel consulted with Baskin prior to the continuance requests and found his explanation for not objecting in court lacked credibility. The district court found Baskin acquiesced to the continuances requested by his counsel and his right to a speedy trial had not been violated.

Baskin argues the continuances requested by his counsel should not be attributed to him because he disagreed with those requests. His argument is contrary to the findings of the district court. Whether the defendant agreed to counsel's request for continuances is a factual determination. See *State v. Adams,* 283 Kan. 365, 369-70, 153 P.3d 512 (2007).

> "We review the factual determinations of the district court to determine whether the facts as found by the district court are supported by substantial competent evidence. *Owen Lumber Co. v. Chartrand,* 283 Kan. 911, 915-16, 157 P.3d 1109 (2007). We do not reweigh evidence or reassess credibility. *In re Estate of Hjersted,* 285 Kan. 559, 571, 175 P.3d 810 (2008)." *Vaughn*, 288 Kan. at 143.

Here, the district court's findings are supported by substantial competent evidence. Baskin's arguments to the contrary are unavailing in light of the evidence in the record. Essentially, he asks this court to reweigh evidence and reassess credibility which it

8

cannot do. *Vaughn*, 288 Kan. at 143. Further, even assuming the district court erred in charging the delays to Baskin, he still would not be entitled to relief since the statutory right to a speedy trial was changed on July 1, 2012. The new amendment, K.S.A. 2012 Supp. 22-3402(g), provides:

> "If a defendant, or defendant's attorney in consultation with the defendant, requests a delay and such delay is granted, the delay shall be charged to the defendant regardless of the reasons for making the request, unless there is prosecutorial misconduct related to such delay. *If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay shall not be considered against the state under subsections (a), (b) or (c) and shall not be used as a ground for dismissing a case or for reversing a conviction unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay.*" (Emphasis added.)

Subsection (g) has been the law now for more than 4 years, and Baskin fails to recognize this statutory change in his brief. His speedy trial complaint is trumped by the district court's findings and the statutory addition of subsection (g) long before he was charged in 2014.

Affirmed.