NOT DESIGNATED FOR PUBLICATION

No. 115,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN BRADLEY WRIGHT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed July 27, 2018. Affirmed in part, reversed in part, and sentence vacated in part.

*Nicholas David*, of The David Law Office LLC, of Topeka, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: Nathan Wright appeals his jury convictions for driving under the influence (DUI), criminal refusal of a breath test, and two infractions, including refusal of a preliminary breath test (PBT). Wright claims the State failed to bring him to trial within the statutory time set by K.S.A. 2017 Supp. 22-3402 and the district court committed error by denying his motion to dismiss all charges against him on that basis. He also claims his conviction for criminal refusal in violation of K.S.A. 2017 Supp. 8-1025 must be reversed, based on the Kansas Supreme Court holding in *State v. Ryce*, 303 Kan. 899, 368 P.3d 342 (2016). The State concurs, as do we, and we further agree with the State

1

that the K.S.A. 2017 Supp. 8-1012 infraction for refusing a PBT also must be reversed. We are not persuaded by Wright's final argument that his stipulation to a prior DUI diversion requires reversal of the DUI conviction. As a result, we affirm in part and reverse in part.

FACTS AND PROCEDURAL BACKGROUND

Wright was arrested on December 1, 2013, and charged with driving under the influence of alcohol; refusing a PBT; and multiple traffic infractions. He posted bond and was released the following day.

Wright pled not guilty to all counts at his December 19, 2013 arraignment, and the court scheduled a "no go court trial" for January 16, 2014. On that date, Wright requested a jury trial and the district court set April 30 for a pretrial conference, with the trial beginning on May 5, 2014.

About two weeks before the pretrial conference, the State filed a motion for leave to add a charge that Wright also violated K.S.A. 2017 Supp. 8-1025 when he refused to submit to alcohol testing. On the same date, Wright filed a motion to continue the April 30, 2014 pretrial hearing and the May 5 trial so he could file pretrial motions and a motion challenging the constitutionality of the refusal charge. At the pretrial hearing on April 30, the court granted Wright's motion to continue the May 5 trial and scheduled a June 16, 2014 hearing on his pretrial motions.

Wright appeared with his counsel on June 16 for the motions hearing. The district court denied both his motion to dismiss the refusal charge and his motion to suppress on the basis that the trooper lacked probable cause for his arrest. After discussion with counsel, the court reset Wright's trial for October 20, 2014.

2

After the next pretrial conference, on October 15, when both parties announced they were ready for trial, the district court removed the trial from the October 20 setting because no judge was available to preside and rescheduled it for January 12, 2015—the date Wright's counsel, Kevin Shepherd, chose from three dates offered to him by the court. On January 12 the trial got underway with jury selection, but after the break following the State's voir dire, the court announced a "mistrial" because the State's main witness was unavailable to testify. The parties agreed to reschedule the new trial for February 9, 2015, with another pretrial conference set for February 5.

On February 5, 2015, Wright filed a motion to dismiss the charges against him, alleging the State had violated his statutory right to a speedy trial. The court denied the motion and the case finally went to trial on February 9, 2015. The jury convicted Wright of DUI, refusing to submit to testing, and two infractions. The court sentenced Wright to concurrent six-month jail sentences for the criminal convictions and imposed fines for the infractions. Wright timely appeals.

ANALYSIS

Wright presents three claims for our review: (1) the district court should have granted his motion to dismiss for violation of his statutory right to speedy trial; (2) his conviction for criminal refusal of testing should be reversed; and (3) with reversal of his conviction for refusal, his conviction for DUI should also be reversed since his stipulation to a prior diversion for driving under the influence related to an element of the refusal charge. The State disputes the first and third claims, but agrees that not only the conviction for criminal refusal should be reversed and the sentence vacated, but that the same should apply to the conviction for the traffic infraction of refusal to submit to a PBT.

3

*Statutory speedy trial*

*Standard of review*

Whether the State violated a defendant's statutory right to a speedy trial is a question of law over which we have unlimited review. *State v. Sievers*, 299 Kan. 305, 307, 323 P.3d 170 (2014). When the trial court's speedy trial assessment was based on a factual determination, we must assess whether the trial court's factual findings are supported by substantial evidence. *State v. Vaughn,* 288 Kan. 140, Syl. ¶ 1, 200 P.3d 446 (2009). We "then [determine] de novo whether those facts as a matter of law support the legal conclusion of the district court." 288 Kan. 140, Syl. ¶ 1.

*Discussion*

As a general rule, when a defendant has been released on bond, the State has180 days after arraignment to bring that defendant to trial:

> "If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court." K.S.A. 2017 Supp. 22-3402(b).

Here, 417 days passed between the date of Wright's arraignment on December 19, 2013, and his trial on February 9, 2015. Because of the statutory caveat that delay "as a result of the application or fault of the defendant" or "a continuance . . . by the court" does not count against the speedy trial calculation, the bare fact that more than 180 days passed between arraignment and trial does not constitute a *per se* violation. We must, therefore, decide whether the district court correctly determined that a sufficient portion

4

of the delay was attributable either to Wright or to a continuance by the court to bring the time within the statutory limit.

Wright identifies two segments in the timeline of his case when he contends the district court erroneously attributed delays to him for the speedy trial calculation: (1) the time between the "no go court trial" and the pretrial conference when the court granted his motion to continue; and (2) the time between the second and third trial dates, from October 20, 2014 to January 12, 2015.

On January 16, 2014, not quite a month after Wright's December 19, 2013 arraignment, the district court set Wright's case for a jury trial beginning on May 5, within the 180-day statutory period. On April 14, 2014, however, Wright filed a motion for a continuance to file pretrial motions, including a response to the amended complaint the State filed that same day. Two weeks later, at the scheduled pretrial conference, the district court granted Wright's motion for a continuance of the trial so Wright could file his pretrial motions and have them heard by the court. In its speedy trial considerations, the district court charged Wright with the 104 days between January 16, when the court first set the case for trial, and the date of the order for continuance. Wright disputes that assessment.

"Only the State is authorized to bring a criminal prosecution to trial, so it is the State's obligation to ensure that a defendant is provided a speedy trial within the statutory limits." *Vaughn*, 288 Kan. 140, Syl. ¶ 2. The statute permits an exception to that general rule when a "delay shall happen as a result of the application or fault of the defendant." K.S.A. 2017 Supp. 22-3402(b). After arraignment, Wright's next court appearance was the "no go court trial," which by its very name seems to make it clear that inclusion of the word "trial" in the description is not necessarily descriptive. At least as it happened in this case, that hearing appeared to function as a time either for taking a dispositional plea or setting a trial date with any associated pretrial hearings. At this "no go," Wright requested a jury trial and the court set the April 30 pretrial and May 5 trial date.

The State argues the district court properly charged that period to Wright and refers to a colloquy between the district judge and Shepherd during the hearing on Wright's speedy trial dismissal motion. During that February 5, 2015 hearing, the following exchange occurred:

> The Court: "I asked you when you were ready for trial. You said you weren't ready for trial because you had some other things. We set it for May 5 with a pretrial on April 30.
>
> Now, are you saying that . . . time should go from January until April 30 to the State when you asked for that trial date?
>
> Mr. Shepherd: Correct.
>
> . . . .
>
> Mr. Shepherd: Well, what I'm asking—let me ask you this. Did I say that—when we set the matter on January 16 that we waived speedy trial?
>
> The Court: When you say you're not available, that's the same thing to me."

The establishment of a trial date within the 180-day speedy trial period cannot be a "delay" as contemplated by K.S.A. 2017 Supp. 22-3402(b)—and in this instance there was not even a date on the court's calendar that was being moved. Whether other, earlier dates were offered or available does not bear on the question. Wright exercised his right to ask for a jury trial. The district court and counsel set a date that was available for all parties and created no speedy trial concerns. The time from arraignment through the May 5 trial date was within the 180-day statutory period given the State to bring the case to trial. Had Shepherd's prior obligations prevented finding an acceptable trial date within 180 days, a different question would be presented, but that is not the case here.

K.S.A. 2017 Supp. 22-3402(h) adds a further consideration to this calculation:

> "When a scheduled trial is scheduled within the period allowed by subsections (a), (b) or (c) and is delayed because a party has made or filed a motion, or because the court raises a concern on its own, the time elapsing from the date of the making or filing

6

of the motion, or the court's raising a concern, until the matter is resolved by court order shall not be considered when determining if a violation under subsections (a), (b) or (c) has occurred. If the resolution of such motion or concern by court order occurs at a time when less than 30 days remains under the provisions of subsections (a), (b) or (c), the time in which the defendant shall be brought to trial is extended 30 days from the date of the court order."

Because the May 5 initial trial setting fell within the 180-day time limit—which expired on June 17, 2014—and because Wright's motion was filed on April 14, K.S.A. 2017 Supp. 22-3402(h) excludes the time from that filing until the district court ruled on Wright's motions, removing it from the time by which Wright had to be brought to trial.

The district court heard and ruled on Wright's pretrial motions on June 16, 2014, which was only a day prior to the original deadline. As a result, K.S.A. 2017 Supp. 22-3402(h) extended the deadline by 30 days—to July 16, 2014.

At the conclusion of the June 16 motions hearing, however, the district court took up the matter of a new trial date. Shepherd expressed a preference for September because of his calendar. The court offered two settings in September, then one in August, and Shepherd rejected all three. The court suggested October 20 and Shepherd agreed. Under those circumstances, we do not hesitate to find Shepherd acquiesced on Wright's behalf to a delay past the statutorily extended July 16 deadline. Our Supreme Court has held:

> "The question of whether a defendant acquiesced in a continuance is a factual determination. Kansas courts have never held that passive acceptance of a continuance waives a defendant's speedy trial rights. For acquiescence to result in a waiver of speedy trial rights, the State must demonstrate more than mere passive acceptance and must produce some evidence of agreement to the delay by the defendant or defense counsel. The record must support a conclusion that the defendant expressly or impliedly agreed to the delay." *Vaughn*, 288 Kan. 140, Syl. ¶ 4.

7

The record shows Shepherd's participation in the process of arriving at the October 20 trial date, 96 days past the extended deadline, was more than "mere passive acceptance." That time is not chargeable to the State.

Wright then points out that on October 15, 2014, at the pretrial conference, he declared he was ready for trial beginning the following Monday, October 20. In its brief, the State represents that "[o]n October 15th, the State asked for a continuance of the October 20th trial, as Trooper Clark was sick." The record of that hearing, however, shows no such request by the State. In fact, the State also told the court it was ready for trial. Two days after that pretrial conference, the district court informed counsel by email that the trial was being taken out of its October 20 setting because of the unavailability of a judge to preside. The court offered three new trial dates, November 3, December 8, and January 12. Shepherd was available only for the January 12, 2015 trial setting, with a January 7 pretrial conference, and the case was reset for those dates, again through email, without discussion of the impact on speedy trial. This set the trial date back another 84 days.

Because the district court held no hearing on this trial continuance, Wright argues he had no opportunity to object to the delay, so the time should be charged to the State. As mentioned, the State's factual basis for its argument concerning this period is inaccurate, but it asserts the earliest of the three new trial dates, which was unavailable for Shepherd, should mark the end of its own responsibility for the delay.

Since the October 20 date could not be met because all judges were otherwise committed, the district court later assigned 30 days of that period to the K.S.A. 2017 Supp. 22-3402(e)(4) exception for congestion in the court's calendar. As with the scheduling after the motions hearing in June, earlier dates were available, but not for Shepherd. We recognize there is nothing unreasonable about Shepherd not being immediately available for a new trial setting following a delay for which neither he nor his client bore any responsibility. Once again, however, this was an extension after the statutory time had

8

expired and it was not a case of "mere passive acceptance" of a delay to a date selected by the State or the district court. Accordingly, the part of this period not excluded because of the court delay exception should not be assessed to the State.

Wright's jury trial finally began on January 12, 2015. But it only got as far as completion of the State's voir dire. Following a brief recess, the district judge announced to the potential jurors that the State had received word that one of its witnesses, the trooper involved in the case, was ill and could not appear. The court told them "[t]his will create a mistrial situation" and excused the potential jurors.

K.S.A. 2017 Supp. 22-3402(f) grants a restart of the time period when there has been a mistrial. Although the district court referred to a "mistrial" both on the date of the January 12 trial attempt and at the hearing on Wright's motion to dismiss for speedy trial violation, a jury was not seated and sworn on January 12 and none of the K.S.A. 22-3423 conditions for mistrial existed. Therefore, there was no mistrial and K.S.A. 2017 Supp. 22-3402(f) does not apply.

Following dismissal of the jury venire, the district court reviewed the speedy trial status with counsel. Regarding the January 16, 2014 "no go court trial," the court stated "[t]he Defendant took a continuance at that time." He then noted the June 2014 motions hearing and the revised October 20 trial date, commenting "[s]o October 20—We don't have a time issue," then stated "[f]rom October 15 until today's date [January 12] was time to the State." The State asked whether the continuance for unavailability of a judge would take 30 days off the State's time calculation for that period, and the district court agreed, assigning the remainder to the State. The trial was reset for February 9 and the court commented "[t]he State is taking a continuance again." Wright's actual jury trial began 28 days later, on February 9, 2015, 417 days after his arraignment.

9

*Conclusion on speedy trial claim*

The State should be charged with 116 days from Wright's arraignment on December 19, 2013, to April 14, 2014, when he filed his motion to continue the May 5 trial. The State is also responsible for 28 days from January 12, 2015, when the trial was continued on the State's motion because of witness problems to the trial on February 9. As a result, Wright's trial began with 144 days attributable to the State. Although we have noted errors in the district court's assignment of time for speedy trial purposes, we agree with the result denying Wright's motion to dismiss on that basis. "Where a trial court reaches the correct result based upon the wrong reason, [an appellate court] will affirm the trial court." *State v. Shehan*, 242 Kan. 127, Syl. ¶ 4, 744 P.2d 824 (1987).

*Test refusal convictions*

Both Wright and the State agree that Wright's conviction for refusing alcohol testing under K.S.A. 2017 Supp. 8-1025 should be vacated since our Supreme Court has declared that statute unconstitutional.

In *Ryce*, 303 Kan. 899, Syl. ¶ 12, our Supreme Court reviewed the constitutionality of K.S.A. 2017 Supp. 8-1025, holding that statute was facially unconstitutional because it criminally punished the party for withdrawing consent. *Ryce* controls here, so Wright's conviction for refusing testing must be reversed and the sentence vacated.

In its brief, the State also asks that Wright's conviction for refusing a PBT in violation of K.S.A. 2017 Supp. 8-1012 be reversed. In *State v. Robinson*, 55 Kan. App. 2d 209, 410 P.3d 923 (2017)—which was published after Wright submitted his brief— this court held that K.S.A. 2017 Supp. 8-1012 was unconstitutional for the same reasons our Supreme Court ruled K.S.A. 8-1025 was unconstitutional in *Ryce*: "the statute

10

criminalizes a person's right to withdraw his or her consent to a warrantless search and it is not narrowly tailored to serve a compelling state interest." *Robinson*, 55 Kan. App. 2d at 222-23. Wright's conviction for the traffic infraction of refusing a preliminary-breath test under K.S.A. 2017 Supp. 8-1012 also must be reversed and the fine set aside.

*Evidence of Wright's prior DUI diversion*

Wright's final claim is that the district court erred by admitting his stipulation to a prior DUI diversion. It is the State's right and duty to prove the elements of the crime charged. *State v. Lee*, 266 Kan. 804, 815, 977 P.2d 263 (1999). The district court admitted Wright's stipulation to his prior DUI diversion because that evidence constituted proof of one of the elements of the crime of test refusal. As part of the evidence needed for a conviction on the refusal charge, the stipulation naturally was prejudicial to Wright, but the court gave a limiting instruction directing the jurors to limit their consideration of the diversion to the decision on the refusal charge.

Appellate courts presume that a jury followed a given instruction. *State v. Perez*, 306 Kan. 655, 672, 396 P.3d 78 (2017). Wright directs us to nothing in the record showing the jury did not follow the court's limiting instruction and his argument fails.

*Conclusion*

We find the district court's denial of Wright's motion to dismiss because his speedy trial rights were violated was correct, although founded on an incorrect basis, and his claim of improper admission of his stipulation to a prior DUI diversion is without merit. In those respects, therefore, we affirm the DUI and traffic infraction conviction and sentence. We reverse Wright's convictions for refusing an evidentiary breath test and a PBT and order that the sentence for those counts be vacated and the fine set aside.

11

Affirmed in part, reversed in part, and sentence vacated in part.