No. 98,883

STATE OF KANSAS, *Appellant,* v. CARLOS E. MONTES-MATA, *Appellee.*

(253 P.3d 354)

Opinion filed June 24, 2011.

*Nicholas J. Heiman,* assistant county attorney, argued the cause, and *Vernon E. Buck,* first assistant county attorney, *Marc Goodman,* county attorney, and *Steve N. Six,* attorney general, were on the briefs for appellant.

*Patrick H. Dunn,* of Kansas Appellate Defender Office, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

STUTZMAN, J.: The State of Kansas appeals the Court of Appeals' affirmation of the district court's order dismissing the charges against Carlos E. Montes-Mata based on speedy trial violations. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Carlos Montes-Mata was arrested in October 2005 by a Kansas Highway Patrol trooper and was held in the Lyon County jail on drug-related charges. He did not post an appearance bond. The protracted procedural journey thereafter included a plea by Mon-

tes-Mata, a change of counsel, and the withdrawal of his plea. Subsequently, the district judge granted a motion to suppress, the State filed an interlocutory appeal from that suppression, and the Court of Appeals affirmed the action by the district judge. *State v. Montes-Mata*, No. 97,155, 2007 WL 959703 (Kan. App. 2007) (unpublished opinion).

Shortly after the mandate from the Court of Appeals was issued, Montes-Mata filed a motion to dismiss the charges against him for violation of his right to a speedy trial. The district judge held a hearing and granted the motion, dismissing the pending charges. The State appealed the dismissal, and the Court of Appeals affirmed the district judge's ruling. *State v. Montes-Mata*, 41 Kan. App. 2d 1078, 208 P.3d 770 (2009). The State then petitioned for review on this issue of first impression.

The State's appeal is not based on the calculation of the length of Montes-Mata's incarceration. Counsel agreed that, excluding the time for the interlocutory appeal, Montes-Mata had been held for approximately 111 days when his motion to dismiss was heard. Instead, the appeal centers on the question of the effect, if any, to be given an immigration document sent to the jail while Montes-Mata was incarcerated.

During that 111-day period of incarceration, on February 6, 2006, the Lyon County Sheriff received a Form I-247 from the Kansas City, Missouri, office of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), titled "Immigration Detainer—Notice of Action." The I-247 identified Montes-Mata by name, date of birth, and nationality, and declared: "You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution." Below that statement, four possible actions were listed, as follows:

"☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____ (Date).

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ (Date).

☐ Deportation or removal from the United States has been ordered."

In this case, only the first of those options was marked.

The form also stated that the originator requested that the recipient "Please accept this notice as a detainer," and another box was marked stating that:

"Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for ICE to assume custody of the alien."

Additional facts will be added to the analysis as necessary.

### ANALYSIS

*Standard of Review*

Violation of the statutory right to speedy trial is a question of law. Our review, therefore, is de novo. *State v. Adams*, 283 Kan. 365, 368, 153 P.3d 512 (2007).

*Discussion*

K.S.A. 22-3402(1) states:

"If any person charged with a crime and held in jail *solely by reason thereof* shall not be brought to trial within 90 days after such person's arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (5)." (Emphasis added.)

The 111 days that Montes-Mata was held obviously exceeded the 90-day statutory speedy trial limit. The State contends, however, that when the sheriff received the Form I-247 from the ICE, Montes-Mata no longer was being held "solely" on the Lyon County charges, thus tolling the 90-day requirement in K.S.A. 22-3402(1).

The effect of delivery of a Form I-247 on a defendant's speedy trial right was considered by the Supreme Court of Ohio in *State v. Sanchez*, 110 Ohio St. 3d 274, 853 N.E.2d 283 (2006). When felony charges are pending, the Ohio speedy trial statute requires a trial within 270 days of the date of arrest. If the defendant fails to post bond, a "triple-count" provision applies, with each day incarcerated counting as 3 days toward the speedy trial deadline.

Ohio Rev. Code Ann. § 2945.71 (Lexis 2006). As with our explicit provision at K.S.A. 22-3402(1) tolling the 90-day speedy trial time when a defendant is not held solely on the pending charges, Ohio courts have held that its speedy trial statute becomes inapplicable when the incarcerated defendant has parole or probation holds lodged, so that the defendant is no longer held solely on the pending charges. See *State v. Brown*, 64 Ohio St. 3d 476, 597 N.E.2d 97 (1992); *State v. Hubbard*, 104 Ohio App. 3d 443, 662 N.E.2d 394 (1995). In *Sanchez*, neither the immigration detainer filed by the ICE nor its specific wording was part of the record. The Ohio Supreme Court, therefore, looked to federal regulations to determine the effect of that document and concluded that "a detainer filed by the ICE that does not purport to hold the defendant in custody does not nullify the triple-count provision within Ohio's speedy-trial statute." 110 Ohio St. 3d at 279.

Although helpful, the federal regulations governing immigration detainers are not necessary to our decision since the I-247 is part of our record. It is worth noting, however, that although the various federal jurisdictions have not been in complete harmony, the predominant view has been that a defendant is not "in custody" in the sense necessary to support a petition for habeas corpus relief merely because he or she is the subject of a detainer from the ICE. See, *e.g.*, *Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538, 541 (5th Cir. 2003); *Prieto v. Gluch*, 913 F.2d 1159, 1164 (6th Cir. 1990); *Campillo v. Sullivan*, 853 F.2d 593, 595-96 (8th Cir. 1988). But see *Vargas v. Swan*, 854 F.2d 1028, 1032-33 (7th Cir.1988).

On its face, the Form I-247 sent to the Lyon County Sheriff is not the equivalent of an outstanding warrant for probation revocation, parole violation, or new charges in another jurisdiction. Each of those represents a custodial claim on a defendant's presence to adjudicate existing charges or allegations. The I-247 sent to the Lyon County jail presented the interest of the ICE in clear terms, disclosing that an investigation "has been initiated" and that the ICE would like to know when the defendant was going to be released from custody in Lyon County. The ICE notice in this case is analogous to a call to a sheriff from a law enforcement agency in a neighboring county, expressing interest in one of his or her

inmates and asking the sheriff for notice when the inmate is to be released. The request is for cooperation, not custody. It is not particularly helpful that the I-247 form bears the heading "Immigration Detainer—Notice of Action" since, in this case, the "action" was inconsistent with the common custodial use of the term detainer.

The I-247 sent to the Lyon County Sheriff by the ICE represented nothing more than information about the possibility of formal proceedings. Unless a communication from another agency or jurisdiction constitutes a present custodial claim on a defendant, it cannot affect the speedy trial question of whether the defendant is being held solely on pending charges. In this case, the State did not bring Montes-Mata to trial within the time required by K.S.A. 22-3402(1), and the district judge properly discharged him from further liability for trial on the crimes charged.

Affirmed.

MORITZ, J., not participating.
DAVID L. STUTZMAN, District Judge, assigned.