(19 P.3d 202)
No. 85,010

STATE OF KANSAS, *Appellee*, v. SABRINA CARRASCO, *Appellant*.

Opinion filed March 2, 2001.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Thomas J. Drees*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., BEIER, J., and DAVID PRAGER, Chief Justice Retired, assigned.

BEIER, J.: Defendant-appellant Sabrina Carrasco challenges her conviction of possession of marijuana, contending her action in removing a bag of marijuana that had been tossed into her lap could not constitute possession.

The essential facts are these: Police stopped a car driven by Carrasco's boyfriend. Carrasco was sitting on the passenger side of the front seat. When the car was pulled over, Carrasco's boyfriend threw a bag of marijuana onto her lap. She recognized it as marijuana and placed it between her seat and the door next to it. She testified she was trying to conceal the marijuana from the police and prevent her boyfriend, who had a previous drug conviction, from getting into trouble.

When one of the officers observed the marijuana and its location, he arrested Carrasco for possession. Carrasco told the officer that the marijuana did not belong to her, that she did not know to whom it belonged, and that "they were being set up."

At trial, the district court made the following ruling from the bench:

"Well, even giving her the benefit of the doubt on the story, the county attorney's correct that the mere act of taking something and sticking it down there

would be obviously not an egregious case of possession, but it is exercising control over the property which is general intent. I think that they've proven it. I guess that, as I said, assuming what she said was the sequence of events, it would not be a particularly egregious violation, but it is, and I find her guilty."

Carrasco identifies the standard of review in this case as de novo, arguing the district court incorrectly ruled as a matter of law that her actions in picking up the marijuana and tossing it constituted possession. She is actually challenging the sufficiency of the evidence supporting her conviction. When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, this court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Mason*, 268 Kan. 37, 39, 986 P.2d 387 (1999).

Possession of marijuana requires the follow essential elements: "(1) that the defendant possessed the marijuana, and (2) that [s]he did so intentionally. Possession of a controlled substance requires that one have control over the substance with knowledge of and the intent to have such control." *State v. Geddes*, 17 Kan. App. 2d 588, 590-91, 841 P.2d 1088 (1992), *rev. denied* 252 Kan. 1094 (1993) (quoting *State v. Flinchpaugh*, 232 Kan. 831, Syl. ¶ 1, 659 P.2d 208 [1983]). Knowledge of the presence of the controlled substance with the intent to exercise control is essential. *State v. LaGrange*, 21 Kan. App. 2d 477, 479, 901 P.2d 44, *rev. denied* 258 Kan. 861 (1995).

Carrasco argues she had no intent to control the marijuana because she merely removed it from her lap. She contends that, if she can be found guilty, anyone who has a bag of marijuana dropped unexpectedly in his or her lap could be convicted of possession. This is untrue. Even if Carrasco's version of events were the one we must accept on appellate review, there would be sufficient evidence to convict her of possession.

Carrasco fails to mention that after she identified the substance in her lap as marijuana, she did not simply push or throw it away. Rather, she testified to picking the marijuana up and placing it between the passenger door and the passenger seat in an effort to hide it from the police. This was a calculated action demonstrating

knowledge of the presence of the marijuana and intent *to exercise control* over it. As the district court noted, this possession was fleeting but adequate to meet the State's burden of proving guilt beyond a reasonable doubt.

Affirmed.