NOT DESIGNATED FOR PUBLICATION

No. 122,668

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONNIE LAMAR TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court, TIMOTHY J. CHAMBERS, judge. Opinion filed June 25, 2021. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Natasha Esau*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM:  In this direct appeal, Donnie Lamar Taylor challenges his conviction for felony possession of marijuana and argues that the State violated his statutory speedy trial rights. He argues that the State presented insufficient evidence to support his marijuana conviction and that the district court erred by denying his motions to dismiss. But finding no reversible error, we affirm.

1

*Factual and Procedural Background*

In March 2018, officers responded to a call about a disturbance near a Family Dollar in Hutchison. The manager, Bret Roberts, saw Donnie Taylor yelling at another customer in front of the store. When Roberts intervened, Taylor threatened to beat him up. After Taylor got into the passenger side of a parked van, Roberts walked behind the van to get its license plate number. Roberts told police that when he was walking back to the store Taylor hit him with the passenger door of the van. Roberts then called the police.

When officers arrived, Taylor and Roberts were still in front of the store. After speaking to Taylor and upon hearing him threaten Roberts, Officer Josh Long arrested Taylor. When Long searched Taylor right after his arrest, he found a small, plastic container in Taylor's front pocket. Long opened the container and found a substance wrapped in a paper towel, which he believed to be marijuana. A field test confirmed that belief. Long then transported Taylor to the Reno County Jail for disorderly conduct and possession of marijuana.

The State charged Taylor with one count of felony marijuana possession and one count of misdemeanor disorderly conduct. There was considerable delay between the time Taylor was arrested in March 2018 until he was arraigned in January 2019. Taylor had failed to appear for a preliminary hearing, which led to his arrest, and he had replaced his court-appointed attorneys three times because he was dissatisfied with their representation. And after several motions and status hearings with Taylor, the district court ordered a competency evaluation because the court feared Taylor was not competent to stand trial. After the district court found Taylor competent, Taylor was arraigned on January 11.

After Taylor's arraignment and preliminary hearing, the district court scheduled Taylor's trial for March 19. But just before the jury trial, the district court emailed Taylor's attorney, informing him that he had four trials set on March 19, two of which were for his clients. On March 16, Taylor's attorney moved to continue Taylor's trial because his other case set for trial on the 19th was older than Taylor's case. Two days later, on March 18, Taylor's attorney moved to suppress the marijuana evidence in this case. The district court granted the trial continuance because of the pending motion to suppress and the court's full docket. The district court heard and denied the suppression motion on April 4.

The district court next scheduled Taylor's jury trial for May 21, but the State moved for a continuance because one of its witnesses was unavailable. The district court granted the continuance and set the trial for July 9, 2019, within the original speedy trial date of July 10. But the State moved for another continuance, and the district court granted that motion as well, scheduling Taylor's trial for August 6.

On July 24, Taylor's attorney requested another continuance. The district court granted it and set the trial for August 13. On August 13, Taylor asked the court to appoint him a new attorney. The district court granted his request and rescheduled the jury trial for October 15. On October 9, Taylor's attorney moved for a continuance, but the court denied it two days later. When Taylor failed to appear for his jury trial on October 15, the district court issued a warrant for his arrest. After officers arrested Taylor, he moved pro se for new counsel. The district court held an evidentiary hearing on October 25 and denied the motion for new counsel four days later.

On December 6, Taylor's attorney moved to dismiss based on a statutory speedy trial violation again. The district court denied that motion, stating that the March continuance which was the focus of Taylor's motion would have occurred even if no continuance motion had been filed. The district court stated that it would have been

required to continue the originally scheduled jury trial in March because the court was unable to hear two trials at once, and because the defense had moved to suppress just one day before the originally scheduled trial.

At Taylor's jury trial, held on December 17, a jury found him guilty of felony marijuana possession and disorderly conduct. The district court sentenced Taylor in January 2020. Taylor timely appeals.

*Was the Evidence Sufficient to Sustain Taylor's Marijuana Possession Conviction?*

Taylor first argues the State presented insufficient evidence to support his marijuana conviction. He contends the State failed to show that he knew the small container contained marijuana.

*Standard of Review*

"'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations. 307 Kan. at 668. And even a conviction of the gravest offenses based entirely on circumstantial evidence will be upheld if the evidence supports the conviction. See *State v. Rizal*, 310 Kan. 199, 209-10, 445 P.3d 734 (2019).

4

*Applicable law*

The State charged Taylor with felony possession of marijuana in violation of K.S.A. 2017 Supp. 21-5706(b)(3) and (c)(3) and misdemeanor disorderly conduct in violation of K.S.A. 2017 Supp. 21-6203(a)(3). To obtain a conviction, the State needed to prove Taylor unlawfully possessed marijuana and did so intentionally. See *State v. Carrasco*, 28 Kan. App. 2d 683, 684-85, 19 P.3d 202 (2001). To convict a defendant of a crime, the prosecution must prove each element of the crime beyond a reasonable doubt. *State v. Moreno*, No. 118,409, 2019 WL 2402494, at *13 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1048 (2020). According to Kansas statutes, possession means having "joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control." K.S.A. 2020 Supp. 21-5701(q). Possession "'may be immediate and exclusive, jointly held with another, or constructive as to where the drug is kept by the accused.'" *State v. Beaver*, 41 Kan. App. 2d 124, 129, 200 P.3d 490 (2009).

A conviction for possession of a controlled substance requires the State to prove that the defendant knew the nature of the substance he or she is charged with possessing. See *State v. Hedman*, No. 122,813, 2021 WL 401987, at *3 (Kan. App. 2021) (unpublished opinion) (quoting *State v. Keel*, 302 Kan. 560, Syl. ¶ 1, 357 P.3d 251 [2015]). A mistake of fact about the nature of the controlled substance—like the belief that it is "'some other lawful substance'"—may negate the defendant's knowledge. *Rizal*, 310 Kan. at 209.

*Application*

Taylor argues that no reasonable juror would have believed that he intended to possess the marijuana Officer Long seized because Taylor told Long he had no intention

to exercise control over the marijuana. Taylor states he told Long that he was merely "holding" the container for a friend and that he did not know marijuana was inside the container. The paper towel covered the marijuana inside the small plastic container, so the marijuana was not readily identifiable to anyone looking at the container. And because Taylor did not ask what was in the container as he took it from his friend, he could not have known the substance was marijuana.

But Taylor's testimony was contradictory. Taylor also testified that Long found the container somewhere in the car and that Long falsely claimed to have found it in Taylor's pocket. Taylor testified he did not know what was in the small container because he was just holding it for a friend. But he also testified that he believed the container with the marijuana was in his bag in the car, not in his pocket, and that it was only worth $3. And he agreed that he had asked whether the marijuana was in the plastic container, but he said he asked only because he had watched Long open the container and look inside.

And Taylor's testimony was not the sole evidence. The State's evidence established that Officer Long pulled a container from Taylor's front pocket, opened the container, and then unwrapped the marijuana from a paper towel. Long testified that he asked Taylor why he had marijuana on him, and Taylor replied by asking if he had found it in the small container. The State also introduced photographic evidence of the container and marijuana and physical evidence of the same.

A juror could reasonably infer from the evidence, including Taylor's inconsistent or contradictory testimony, that Taylor knew the container in his pocket had marijuana in it. The jury was free to disbelieve Taylor's testimony about his lack of knowledge. The appellate courts do not reweigh evidence or make witness credibility determinations, and any conviction can be based entirely on circumstantial evidence. The evidence, viewed in a light most favorable to the State, is enough to support Taylor's marijuana conviction. See *Hedman*, 2021 WL 401987, at *3.

6

Further, the record on appeal does not include all the evidence submitted to the jury. The jury saw body camera footage of Taylor's encounter with the police and the search, as well as photographic evidence of the container and marijuana, but the record on appeal includes neither. When a defendant challenges the sufficiency of the evidence supporting a conviction, this court must review all the evidence presented against the defendant. *State v. Gonzalez*, 311 Kan. 281, 286, 460 P.3d 348 (2020). As the party claiming the error, Taylor has the burden of designating a record sufficient to show prejudicial error. See *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017). Because Taylor fails to give us all the evidence the jury had, his sufficiency of evidence claim fails for this independent reason as well.

*Was Taylor's Statutory Speedy Trial Right Violated?*

Taylor next contends that the district court erred by denying his two motions to dismiss based on the State's violation of his statutory speedy trial right. The State argues it brought Taylor to trial within 180 days and that the excess time is attributable to the defendant. But even if Taylor's statutory speedy trial rights were violated, the State argues that we should still uphold Taylor's conviction under K.S.A. 2020 Supp. 22-3402(g).

*Standard of Review*

A statutory speedy trial claim raises a question of law subject to unlimited review. *State v. Allen*, No. 121,916, 2020 WL 7636299, at *2 (Kan. App. 2020) (unpublished opinion). To the extent that Taylor's argument requires this court to interpret the speedy trial statute, it likewise raises a question of law subject to our unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

*Statutory Speedy Trial Violation*

The speedy trial statute requires the State to bring a defendant to trial within 180 days of arraignment if the defendant makes bond. K.S.A. 2020 Supp. 22-3402(b). The State has the burden of meeting this time requirement, and the defendant does not have to assert the right. *State v. Queen*, 313 Kan. 12, 16, 482 P.3d 1117 (2021). If the State fails to bring the defendant to trial within the prescribed time, the defendant is "entitled to be discharged from further liability to be tried for the crime charged." K.S.A. 2020 Supp. 22-3402(a).

But any "delays that result from the request of a defendant toll the statutory speedy trial period." *State v. Vaughn,* 288 Kan. 140, 144, 200 P.3d 446 (2009). And the statutory speedy trial right is waived if a defendant requests a continuance or files a motion that delays trial beyond the statutory deadline. 288 Kan. at 144. When the defense files a motion, the time from the date the motion is filed until the court resolves the matter is not counted against the State. K.S.A. 2020 Supp. 22-3402(h). Actions by defense counsel that delay trial are attributable to the defendant unless the defendant timely voices disagreement with counsel's actions. *Vaughn*, 288 Kan. at 144.

The parties agree that Taylor's 180-day statutory speedy trial clock began with his arraignment on January 11, 2019. Taylor asserts that his trial began on August 13, 2019, 214 days after his arraignment. He argues that one continuance—from March 16 to May 21—was erroneously assessed to him, as he neither consented to it nor was present to oppose it, in violation of his right to be present at every critical stage of the case.

But Taylor ignores the fact that his counsel moved to suppress on March 18, and the court did not rule on that motion until April 4. The days (17) that the court had the motion to suppress under advisement are properly attributed to the defendant. See *State v. Hammerschmidt*, 57 Kan. App. 2d 449, 456-57, 453 P.3d 1185 (2019), *rev. denied* 312

8

Kan. 896 (2020) ("[If] a delay is caused by a defendant's application or fault, including the filing of a motion to suppress, that delay pauses the running of the speedy trial clock.").

Taylor argues that the district court's decision not to have a hearing on the March motion to continue violated his constitutional due process right to be present at all critical stages of a criminal prosecution. A Kansas criminal defendant has a right to be present at a hearing on the merits of any motion. K.S.A. 2020 Supp. 22-3208(7). See *State v. Turner*, No. 107,412, 2013 WL 4404176, at *2 (Kan. App. 2013) (unpublished opinion). In addition, "K.S.A. 1998 Supp. 22-3405, as well as the Sixth Amendment's Confrontation Clause and the Due Process Clause of the Fourteenth Amendment, require the defendant's presence at every critical stage of a trial." *State v. Bell*, 266 Kan. 896, 919-20, 975 P.2d 239 (1999); see also *Howard v. State*, No. 106,782, 2012 WL 6217193, at *6 (Kan. App. 2012) (unpublished opinion) (panel assumed motion hearing was critical stage; State did not contest error); *State v. Taylor*, No. 104,455, 2011 WL 3795481, at *4 (Kan. App. 2011) (unpublished opinion) (defendant's absence prevented defendant from objecting to counsel's continuance). We assume, without deciding, that Taylor had a right to attend the March motions hearing, that he did not acquiesce in the continuance from March 16 to May 21, and that he should not be bound by the actions of his counsel in requesting it.

But Taylor does not bring this as a freestanding constitutional claim. Instead, he asserts the constitutional violation of his right to be present solely as a stepping stone for his statutory speedy trial claim. See *State v. Brownlee*, 302 Kan. 491, 507, 354 P.3d 525 (2015). He argues that because of the violation of his right to be present, this court should charge to the State the time originally imputed to him and, if the court does so, thus his statutory speedy trial rights were violated. Taylor recognizes that, given those facts, K.S.A. 2020 Supp. 22-3402(g) may bar his remedy for the State's speedy trial violation, but he argues for an exception to that bar.

*The Remedy of Dismissal is Barred by Statute Under These Circumstances.*

We find it unnecessary to decide whether the State violated Taylor's statutory right to a speedy trial. Even if we assume that the State should be charged with some time originally imputed to Taylor and that, as a result, Taylor's 180-day statutory speedy trial right was violated, we must still consider whether that error is reversible.

As the State contends, under K.S.A. 2020 Supp. 22-3402(g), these circumstances provide no ground for dismissing a case:

> "If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay shall not be considered against the state under subsections (a), (b) or (c) and shall not be used as a ground for dismissing a case or for reversing a conviction unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay.

Our Supreme Court in *Brownlee* found that this subsection means what it plainly says:

> "Under subsection (g), the legislature, which created the statutory right, has decided to eliminate the remedy for its violation in certain circumstances, providing explicitly that the violation 'shall not be used as a ground for dismissing a case or for reversing [Brownlee's] conviction.' K.S.A.2012 Supp. 22-3402(g). We are compelled by this plain language to affirm the district judge's refusal to dismiss this case on statutory speedy trial grounds." 302 Kan. at 511.

Thus, even if we were to count the days as Taylor does and charge to the State the entire delay from March 16 to May 21 initially attributed to Taylor, we could not use that violation as grounds to dismiss his case. See *State v. Tiger*, No. 122,692, 2021 WL 1045178, at *5 (Kan. App. 2021) (unpublished opinion) ("So if a defendant is denied this right to be present and object at a continuance hearing and the continuance is granted, this

10

violation 'shall not be used as a ground for dismissing a case or for reversing a conviction.'"), *petition for rev. filed* April 19, 2021.

*No Exceptions Apply to the Statutory Bar.*

This statute provides two exceptions to its rule: if the delay led to a violation of Taylor's constitutional speedy trial right or if the delay relates to prosecutorial misconduct. See K.S.A. 2020 Supp. 22-3402(g).

Taylor does not argue that excluding the delay would violate his constitutional right to a speedy trial. We thus consider that argument waived and abandoned. See *Hammerschmidt*, 57 Kan. App. 2d at 458 (finding that the appellant waived an argument on constitutional right to speedy trial by failing to brief the exception to the speedy trial statute).

Taylor does argue that prosecutorial misconduct caused the delay. Taylor argues that the State is legally obligated to inform him that the district court continued his trial and that the State's failure to do so is prosecutorial misconduct. But Taylor cites no legal authority supporting his claims. And we are aware of contrary authority. See Kansas Rule of Professional Conduct 1.4(a) (2021 Kan. S. Ct. R. 326) (providing that the client's attorney is responsible to keep the client reasonably informed about the status of the matter and to promptly comply with reasonable requests for information).

In his motion to dismiss, Taylor did not argue prosecutorial misconduct or any other exception to K.S.A. 2020 Supp. 22-3402(g)'s remedy bar. We must thus determine whether we can or should review this unpreserved issue. Under Kansas Supreme Court Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 35), an appellant must point to the specific location in the record where he or she raised the same issue to the district court that the appellant raises on appeal and where the court ruled on that issue. If an issue was not raised in the

trial court, it cannot be raised on appeal. *Ruhland v. Elliott*, 302 Kan. 405, 417, 353 P.3d 1124 (2015). In other words, an appellant generally cannot raise an issue for the first time on appeal. The rationale behind this issue preservation rule is simple: A trial court cannot wrongly decide an issue never presented to it. See *State v. Williams*, 275 Kan. 284, 288, 64 P.3d 353 (2003). Failure to preserve an issue may be the end of the road.

Still, we recognize several exceptions to this general preservation rule:

"'(1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision.' [Citation omitted.]" *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008).

Taylor, however, does not assert any of these exceptions here. The party asserting an issue for the first time on appeal must invoke an exception and explain why the issue is properly before the court. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); Rule 6.02(a)(5) (2021 Kan. S. Ct. R. 36) ("If the issue was not raised below, there must be an explanation why the issue is properly before the court."). Our Supreme Court "has continued to reiterate that Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril." *In re Adoption of Baby Girl G.*, 311 Kan. 798, 803, 466 P.3d 1207 (2020). This peril is the dismissal of the appeal. Because Taylor does not explain why the prosecutorial misconduct exception is properly before this court or argue for an applicable exception, this issue is not properly preserved.

And even when an exception permits us to review an unpreserved issue, we may choose not to do so. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). Taylor should have raised this issue first in the district court in his motion to dismiss and in his motion to alter or amend the judgment. See K.S.A. 2020 Supp. 60-259(f). The motion to

alter or amend gives a district court a chance to correct prior errors. See *Antrim, Piper, Wenger, Inc. v. Lowe*, 37 Kan. App. 2d 932, 939, 159 P.3d 215 (2007). Because Taylor did not give the district court a chance to rule on this issue, we decline to reach it.

Taylor also invites us to follow the dissent in *Brownlee*, instead of the majority. Taylor argues the *Brownlee* majority incorrectly interpreted K.S.A. 2020 Supp. 22-3402(g) and that this court should be willing to remedy time incorrectly imputed to Taylor by dismissing the case and reversing the conviction. See *Brownlee*, 302 Kan. at 526 (Luckert , J., dissenting). But we are duty-bound, as Taylor also recognizes, to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no indication of a departure here.

Affirmed.